



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 27, 1939

Honorable Fred T. Porter
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

*See 0-6616*

> Overruled in part
> by 0-3091

Opinion No. O-722
Re: Pay for special judges in
civil suits and probate
cases.

We are in receipt of your request for an opinion
bearing date May 20, 1939, wherein you propound the follow-
ing questions:

"1. Where, because of the disqualification
of the county judge, a special judge is agreed
upon by the parties in a civil suit to try such
case, is such special judge entitled to be paid
for each day he serves as such special judge a
1/365 of the annual salary of the regular county
judge of the county?

"2. In probate cases, where the regular
county judge is disqualified and a special judge
is agreed upon by the parties or appointed by the
governor, shall such special judge in such pro-
bate cases be entitled to receive the same per
diem as the regular judge for every day that
he makes an order in such probate matter?

"3. Shall the special county judge receive
his salary from the regular officer's salary fund?"

In answer to your first question, it is the opinion
of this department, and you are so advised, that the compen-
sation for a special judge appointed to try cases in which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the regular judge of the County Court of Kaufman County is disqualified, is the annual salary of the judge of the County Court of Kaufman County divided by 365 and the quotient multiplied by the number of days actually served by such special judge.

Our opinion is based upon Article 1933, Revised Civil Statutes of Texas, 1925, and Article 557, Code of Criminal Procedure, Revised Statutes of 1925. Article 1933, Revised Civil Statutes, reads in part as follows:

> "- - - Any special judge agreed upon or appointed to try cases shall receive the same pay for his services as is provided by law for county judges."

Article 557, Code of Criminal Procedure, reads as follows:

> "A special judge selected or appointed in accordance with the preceding article shall receive the same compensation as provided by law for regular judges in similar cases."

You state in your letter that in Kaufman County, which is a county of over 20,000 population, the county judge in on a regular salary fixed by the Commissioners' Court. Although the statutes quoted do not specifically provide that the special judge's salary shall be determined by the number of days the judge serves, we believe that this is the fairest and most practical way of calculating a special judge's compensation. Compare the provisions of Article 6821 with reference to the compensation of a special district judge, which reads as follows:

> "The salaries of special judges - - - shall be determined and paid as follows:

> "2. The amount of such salary shall be ascertained by dividing the salary allowed a district judge by 365, and then multiplying the quotient by the number of days actually served by the special judge."

Honorable Fred T. Porter, May 27, 1939, Page 3

In answer to your second question, you are advised that it is the opinion of this department that in probate cases, where the regular county judge is disqualified and a special judge is agreed upon by the parties or appointed by the governor, such special judge, so appointed, in such probate cases, shall be entitled to receive the same compensation per diem as the regular judge, for every day that such special county judge serves in that capacity.

The salary of the county judge, under the provisions of Article 3912e (3), Revised Civil Statutes, is "in lieu of all other fees, commissions or compensation" and necessarily covers compensation for all services rendered by the county judge, including his service in probate matters. We believe that it would be impossible to separate the value or the services of a special judge in probate matters from the value of his services in other matters, under the salary system. In other words, it is our opinion that a special judge who serves in probate matters is entitled to receive the same compensation as if he had performed all of the duties of the county judge. Compare Holland v. Harris County, 102 S. W. (2) 196, a decision of the Commission of Appeals of the State of Texas, adopted by the Supreme Court, wherein it was held that a special district judge was entitled to receive a proportion of the regular salary of a district judge based on the number of days served, even though he did not perform some of the duties required of the district judge.

In this connection Article 1932, Revised Civil Statutes of Texas, 1925, provides:

"When a county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualification therein to the governor, whereupon the governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist."

Article 1933, Revised Civil Statutes of Texas, 1925, from which we have already quoted, provides:



Honorable Fred T. Porter, May 27, 1939, Page 4

"Any special judge agreed upon or appointed to try cases shall receive the same pay for his services as is provided by law for county judges."

We do not feel that the Legislature intended that a special county judge serving for one purpose should be placed upon a different salary basis from a special county judge for another or different purpose and it is our opinion that a special county judge in probate cases shall be compensated upon the same basis as a special county judge while sitting for other purposes.

With reference to your last question, we direct your attention to Section 4 of Article 3912e, which provides as follows:

"In all counties of this state containing a population of less than 190,000 inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as 'Officer's Salary Fund of _____ County, Texas,' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this act, and to pay the authorized expenses of their office. Such fund shall be deposited in the county of depository and shall be protected to the same extent as other county funds."

We are of the opinion that the salary of a county judge should be considered "the salaries of officers" and an "authorized expense of office", and accordingly, that a special county judge should be compensated out of the officer's salary fund.



Honorable Fred T. Porter, May 27, 1939, Page 5

Trusting that this satisfactorily answers your questions, we remain

Yours very truly

Approved:

ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By /s/ Edgar Cale
/s/ Edgar Cale
Assistant

RC:FL

APPROVED OPINION COMMITTEE BY RWF CHAIRMAN